PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY
SEEKING REVIEW OF PRISON DISCIPLINARY SANCTIONS

**FILED**
12/01/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

United States District Court   District Southern District of Indiana

Name: Shadavian Yard-Daniel   Prisoner No.: #228315   Case No. 2:23-cv-547-JRS-MG

Place of Confinement: Putnamville Correctional Facility; Greencastle, IN 46135

Name of Petitioner: Shadavian Yard-Daniel
(Include name under which convicted)

Name of Respondent: Warden Pretorius

V.

The Attorney General of the State of Indiana

SCANNED at Putnamville and Emailed on
12/1/23 by CW - 6 pages.
(date)  (initials)  (num)

PETITION

1. Name and location of Prison Disciplinary Body, which determined guilt: Putnamville Correctional Facility; 1946 West U.S. Hwy. 40; Greencastle, IN 46135

2. Date of Guilt determination: 8/15/2023

3. Sanctions imposed: 60-days loss good time credit, 30-day loss of tablet, and written reprimand

4. Nature of rule infractions involved (all counts): B 252 - Interfering with Staff; A111/A102 Conspiracy to Commit Battery

5. What was your plea? (Check one)
   a. (a) Not guilty ✓
   b. (b) Guilty ☐

6. If you pleaded not guilty, what kind of disciplinary hearing did you have? (Check one)
   a. Screening Officer Hearing ☐
   b. (b) Full Hearing ✓

7. Did you testify at your disciplinary hearing?
   a. Yes ✓   No ☐

8. Did you appeal from the guilty determination and imposition of sanction(s)?
   a. Yes ✓   No ☐

9. If you did appeal, answer the following:
   a) Name and title of Reviewing Authority: Deputy Warden Phegley
   b) Result: Denied
   c) Date of result: abouts 8/24/2023

d) Grounds raised  Due process not satisfied (see d. below)

If you sought further review of the decision on appeal by a higher Reviewing Authority, please answer the following:

a. Name and title of Reviewing Authority: Deborah Reasoner, IDOC Appeal Review Officer.

b. Result  Denied

c. Date of result  9/19/2023

d. Grounds raised  Due process - not informed/warned that cleaning latrine in a common area could result in conduct report and loss of good time.

10. Have you previously filed any petitions, applications, or motions with respect to this Disciplinary Finding in any court, state or federal?

   a. Yes ☐   No ☑

11. If your answer to 10 was "yes," give the following information:
   (1) Name of court
   (2) Nature of proceeding
   (3) Grounds raised

   [crossed out]

12. State *concisely* every ground on which you claim that you were unconstitutionally deprived of credit time or subjected to unconstitutional disciplinary punishment. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
   CAUTION: In order to proceed in federal court, you must first exhaust all available administrative appellate remedies as to each ground on which you request relief from federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date. It is suggested that you read *Marham v Clark*, 978 F.2d 993 (7th Cir. 1990) prior to filing this petition.

a) Ground One: Due process lack of 'fair warning'. Code B252 Interfering with Staff does not clearly state in plain language how cleaning in a common area may be construed as interference resulting in a conduct report and loss of good-time.

Supporting Facts (state briefly without citing cases or law)

On 8/1/2023, I cleaned the A-side latrine in preparation for the 6 O'clock count. I was not told to stay clear of the area on that day at that time, and I was not told that an

investigation may be forthcoming.

On the contrary, I was carrying out my duties as dorm representative by stepping up to clean a common area prior to count. We offenders are responsible for maintaining sanitary living conditions in our dorms. As dorm rep., I fill in and help out around the dorm, and I try to lead others by example.

That a fight occurred in our dorm is not suprising. That happens fairly often, and we, offenders — not staff, are responsible for cleaning up the mess. For us living in this environment the battery incident that day was not an extraordinary event.

Furthermore, as stated, I was not put on notice by staff that the fight that day was going to be treated differently than the many other fights that are ignored by staff.

The B252 was first written up as an A111/A102 conspiracy to commit battery charge that was changed, because the A111/A102 charge lacked merit. The B252 was thus selected as an arbitrary replacement for the A111/A102, and says nothing about cleaning in a common area.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in your administrative appeal, state briefly what grounds were not presented and give your reasons for not presenting them at the administrative level:

Disciplinary appeal filed with facility head. The documents to demonstrate this can be obtained through discovery. I do not have them because my property box was enterened and paperwork was taken.

14. Do you have any petition or appeal now pending in any court or administrative agency, either state or federal, as to the judgment under attack?

   a. Yes ☐    No ☑

15. Give the name, Title, and/or D.O.C Numbers, if known, of each offender, of any staff or lay advocates, who represented you in the following stages of the disciplinary proceedings in the following stages of the judgment attacked herein:

   a) At Disciplinary hearing: Detrick Bradley-Dixon #221069; Garrett Hacker #289221
   b) At Institutional Level Appeal: NA
   c) At I.D.O.C. Level Appeal: NA

WHEREFORE, Petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Petitioner

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on

DATE:

_____
Signature of Petitioner

## CERTIFICATE OF SERVICE

I, Shadavian Yard-Daniel, hereby certify that on this 12-1-2023, I served a true and correct copy of the foregoing Petition under 28 USC § 2254 For Writ Of Habeas Corpus upon the Attorney General of Indiana, Indiana Government Center South, Fifth Floor, 302 W. Washington Street, Indianapolis, Indiana 46204; by ordinary, first class, postage prepaid, United States Mail.

_____
Signature of Petitioner